## Norris's Estate.

*Wills—Powers—Construction—Execution of power by one life-tenant in favor of another life-tenant—General bequest—Act of June 4, 1879.*

1. When a spendthrift trust is created by the will of the donor for the benefit of a husband and wife for life, with remainder to such person or persons as the husband may appoint by his last will, a general bequest by the husband to the wife of all his personal and real estate which he "now owns" or which he "may own in the future," is a valid exercise of the power under section 3 of the Act of June 4, 1879, P. L. 88, re-enacted by section 11 of the Wills Act of June 7, 1917, P. L. 403, and, on the death of the wife, her executor is entitled to the fund to the exclusion of remaindermen in default of appointment.

2. A general devise in the will of the donee will operate as an execution of the power, although he made his own will before the death of the donor.

Exceptions to adjudication. O. C. Phila. Co., Oct. T., 1913, No. 388.

The facts and provisions of the will appear in the following extract from the adjudication by

GEST, J.—Elizabeth Norris died on Sept. 10, 1912, leaving a will, dated Dec. 29, 1904, admitted to probate on Oct. 1, 1912, by the second clause of which she bequeathed to S. Henry Norris certain cash and securities in trust to pay the income to her son, William, and his wife, Anna, for their several lives during the lifetime of said William and Anna, and after the death of both to pay the principal to her grandson, Alfred Durand Norris, son of her deceased son, Joseph Norris, with further provision in case of the decease of the said Alfred Durand Norris before said William and Anna, and by the third and residuary clause of her will the testatrix devised and bequeathed her residuary estate to S. Henry Norris in trust to pay the income "to my said son William and his wife Anna for life, the said income not to be liable for their debts or any attachments for debts they may owe or may in future contract, or to any attachment by any creditor of them, and upon their decease in trust to pay and deliver over said residue of my estate to such person or persons as my said son William may appoint in his last will and testament, and if he should die intestate, then, after the decease of his wife, to pay and transfer the said residue to his children, but if he leave no children, then to transfer and pay over the said residue to my grandson, Alfred Durand Norris, if living, or to his children if he be dead, but if he should die without leaving children, then in trust to pay and transfer over said residue to the children of my brother, William Blackwood."

William Norris died July 22, 1916, and, as the Auditing Judge understands, without issue, leaving a will dated Jan. 8, 1910, admitted to probate on Aug. 21, 1916, by the Surrogate of the County and State of New York where the said William Norris was domiciled, and letters testamentary were granted to Anna Norris, as appears by the exemplified copies hereto annexed.

By his will the said William Norris provided as follows:

"First—I order and direct that all my just debts and funeral expenses to be paid as soon as may be after my decease.

"Second—I give, devise and bequeath to my wife all my personal and real estate which I now own and that which I may own in the future and her heirs forever."

And he appointed his wife, Anna Norris, executrix of his will.

It is stated there are no existing assets or liabilities of the estate of the said William Norris.

S. Henry Norris died on March 19, 1917, and on June 8, 1917, the Pennsylvania Company for Insurances on Lives, etc., was appointed trustee in his

stead. G. Heide Norris, as executor of S. Henry Norris, filed his trustee's account, and, on the audit thereof, the trust estate was awarded to the Pennsylvania Company, substituted trustee, by adjudication of Gummey, J., and a schedule of distribution approved July 11, 1917.

This account was filed by reason of the death of Anna Norris on March 31, 1926, and the audit was postponed in order that letters of administration might be issued upon her estate and her administrator notified of the proceedings. Subsequently, letters of administration were granted on her estate by the Register of Wills of Philadelphia, on Oct. 4, 1926, to the Real Estate Title Insurance and Trust Company, and Mr. Hay entered his appearance for said administrator.

The question that was submitted to the court, as stated in the petition for distribution, is as follows:

"Whether the will of the said William Norris constituted a valid exercise of the power of appointment given him under the third clause of the will of Elizabeth Norris in favor of the said Anna Norris, the deceased *cestui que trust*, to the extent that either her estate or, in the alternative, her heirs direct are now entitled to receive the principal of the trust to the exclusion of the said Alfred Durand Norris, remainderman?"

As the power of appointment in William Norris was created by the will of Elizabeth Norris, a Pennsylvania will, the law of Pennsylvania controls its execution: Bingham's Appeal, 64 Pa. 345.

William Norris made his will in 1910, before the death of Elizabeth Norris, the donor of the power, which occurred in 1912, and, therefore, before he was vested with the power of appointment. His will, therefore, would have been ineffectual to exercise the power under the law as it existed prior to the Act of June 4, 1879, § 3, P. L. 88: Fry's Estate, 4 W. N. C. 408; s. c., Dunn's Appeal, 85 Pa. 94; Vaux's Estate, 11 Phila. 57; Murray's Estate, 5 W. N. C. 296. Under paragraph 3 of the Act of June 4, 1879, re-enacted in paragraph 11 of the Wills Act of 1917, however, the general devise in the will of William Norris will operate as an execution of the power of appointment which vested in him after he made his will, Pennsylvania, etc., Co.'s Account, 264 Pa. 433; Farwell on Powers (2nd ed.), 222, "unless a contrary intention shall appear by the will," and this contrary intention must appear in the will of the donee itself: Boyes v. Cook, 14 Ch. Div. 53; Clark's Estate, 14 Ch. Div. 422; Airey v. Bower, 12 App. Cases, 263; Pennsylvania, etc., Co.'s Account, 264 Pa. 433; Thompson v. Wanamaker, 268 Pa. 203. In Boyes v. Cook, 14 Ch. Div. 53, Boyes made his will devising his estate to a trustee for his wife for life, with remainder to his children. Six months afterwards he separated from his wife and executed a separation deed, reserving a general power of appointment to himself over one-third of his property and declaring trusts of the remaining two-thirds for his wife and children. He died fourteen years afterwards without revoking or changing his will, and the Court of Appeals held that the power was executed by the will and that the separation of the testator from his wife and his separation deed could not be considered in construing his will. The same principle was followed in Clark's Estate, 14 Ch. Div. 422, and Boyes v. Cook was expressly approved in Airey v. Bower, 12 App. Cases, 263.

It is, I think, immaterial whether the donee of the power was or was not aware that it had been created after he made his own will. In some of the cases cited, the power was created by the testator himself after he had made his will, and it was argued, but ineffectually, that he could not have intended to execute his power so reserved by a general testamentary devise previously

executed: Airy v. Bower, 12 App. Cases, 263. But in this case there can be little doubt that William Norris had knowledge of the provisions of his mother's will, for, by writing annexed to the account of S. Henry Norris, her executor, audited Dec. 4, 1913, William and Anna Norris agreed to the account and waived an account of the income, and with this knowledge he made no change in his will executed in 1910.

The will of William Norris contains nothing to show the contrary intent, specified in the Act of 1879 as necessary to prevent his general residuary bequest operating as an execution of his general power. On the contrary, the language of his will, "that which I may own in the future," shows clearly that, irrespective of statutory provisions, he intended his will to take effect upon after-acquired property, and his general power of appointment is very similar to property. It is argued, however, in behalf of Alfred Durand Norris, that, as the power did not become effective until the death of Anna Norris, William Norris could not appoint to her. I see no force in this. The power was general and William could appoint to any person he pleased. The death of Anna was certain to take place, and William might have appointed to any person in remainder after Anna's death. There is no reason why Anna should not be at once life-tenant and entitled to the *corpus* at her death: Moore v. Deyo, 212 Pa. 102. Indeed, Anna might, after William's death, being possessed of both the life estates under the donor's will and the remainder under the donee's will, have terminated the trust except for the spendthrift trust imposed on her life estate: Cook's Estate, 6 D. & C. 260; Mather's Estate, 17 Dist. R. 127.

It is also argued that the will of Elizabeth Norris, the donor of the power, shows that she did not intend William to have the right to appoint to his wife Anna, because the power did not come into effect until Anna's death. In other words, the power, although general in terms, does not include Anna as an object of it.

The argument is that Elizabeth Norris gave William the power to appoint "such person or persons" as William might appoint, and that Elizabeth could not have intended William to appoint to Anna, because she would be deceased when the trust should terminate, and a "dead person cannot take." But there is no reason why a gift vested in remainder should not pass to the personal representative of the legatee who may be dead when the remainder takes effect, for this happens every day. No authority is cited for the proposition, and I can see no legal ground for writing into the will of Elizabeth a provision that Anna is excluded as a possible object of the general power. It is well settled that a general power is not to be cut down unless the intention of the donor is perfectly clear: Farwell on Powers, 103, *et seq.*

It is also argued that Anna, having died at the time when William's execution of the power became effective, the case is like that of a lapsed legacy, which fails unless saved by some statutory provision, and Lyndall's Estate, 2 Dist. R. 476, is cited in support of this theory. In that case, the donee of a general power of testamentary appointment gave her residuary estate, which, under the act of assembly, included the subject of the power, to certain persons, two of whom died in the lifetime of the donee, and it was held that a lapse occurred, there was a failure to appoint, and these shares passed as in default of appointment. But here, Anna Norris did not die in the lifetime of William, but survived him, so that the case has no application. Nor was there any failure of the object of the power as executed by William Norris. Immediately on his death, his wife Anna took a vested interest in the estate in remainder, limited to fall in upon her own death, and on her death this

Norris's Estate.

vested interest inevitably passed to her personal representative, who was, therefore, entitled to receive it.

The balance of principal composed as stated is............. $8542.38
    Deduct overdraft of income paid to Anna Norris....$103.21
    And additional counsel fee to G. Heide Norris, Esq. 100.00   203.21

       Leaving...................................... $8339.17

which, together with any additional income and interest on deposits to date of payment, is awarded to the Real Estate Title Insurance and Trust Company as administrator of the estate of Anna Norris.

*Ward C. Henry*, for exceptant; *George Douglas Hay*, contra.

LAMORELLE, P. J., March 2, 1927.—The question argued on exceptions was thoroughly considered by the Auditing Judge in a lengthy adjudication with many citations of authority in point, and nothing that was advanced in argument convinces us of legal error.

The power given the husband was general in terms, and was well exercised in favor of his wife under the Act of June 4, 1879, § 3, P. L. 88, by the general devise and bequest of his whole estate. As his wife survived him, and as the appointed estate was subject to a spendthrift trust for her benefit under the will of the donor, the two estates did not coalesce (see Moore's Estate, 198 Pa. 611). This, however, did not prevent the remainder vesting in her as of the time of her husband's death, and, because of this vesting, it naturally passed as hers upon her decease. Had the wife not survived her husband, then there might have been a lapse and the exercise of the power ineffective, as to which see Lyndall's Estate, 2 Dist. R. 476, but that decision is not applicable to the facts in this case.

All exceptions are dismissed and the adjudication is confirmed absolutely.

NOTE.—Gest and Thompson, JJ., did not sit.